35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Wayne SURRELL, Defendant-Appellant.
 No. 93-16979.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1994.*
Decided Sept. 15, 1994.
 
 Before: CHOY, NOONAN, Circuit Judges and MARQUEZ, District Judge.**
 MEMORANDUM***
 Appellant Carl Wayne Surrell appeals pro se his 1982 conviction for attempting to manufacture methylamine and possessing methylamine with intent to distribute in violation of 18 U.S.C. Secs. 841(a)(1), 846. Having jurisdiction under 18 U.S.C. Sec. 2255, we affirm.
 I. BACKGROUND
 Surrell's conviction stems from four bottles of methylamine, a controlled substance used in the manufacture of methamphetamine, traced to his home by Drug Enforcement Administration (DEA) agents using an electronic beeper. On September 8, 1981, the DEA, acting on a tip from the Los Angeles-based supplier, installed the beeper in the Sacramento-bound shipment without a warrant. DEA agents then delivered the shipment to an employee of the National Sanitary Chemical Company in Sacramento. The employee transported the box of methylamine to Surrell's home, where it was seized by DEA agents pursuant to a search warrant. The DEA's monitoring of the beeper furnished the probable cause on which this warrant was based.
 We affirmed Surrell's conviction in United States v. Surrell, No. 82-1374 (Jan. 12, 1983), holding that "[t]he warrantless installation of the electronic monitoring device in the shipment of methylamine is not constitutionally prohibited." After being paroled, Surrell was convicted of new criminal conduct in 1990 and found to have violated parole.
 On May 20, 1993, Surrell, while incarcerated for these offenses, filed a motion under 18 U.S.C. Sec. 2255 to vacate, set aside or correct his sentence on the ground that his conviction was illegal under United States v. Karo, 468 U.S. 705 (1984). In Karo, the Court concluded in similar circumstances that the warrantless "monitoring of a beeper in a private residence, a location not open to visual surveillance, violates the Fourth Amendment rights of those who have a justifiable interest in the privacy of the residence." Id. at 714. In 1983, more than one year before Karo was handed down, Surrell's conviction became final.
 A federal magistrate judge deemed Surrell's Section 2255 motion frivolous and recommended that the motion be denied. On September 24, 1993, the district court agreed that Karo was not retroactively applicable and adopted the magistrate judge's findings and recommendation. On October 12, 1993, Surrell appealed.
 II. DISCUSSION
 Surrell contends that the district court erred in denying his Section 2255 motion to vacate because "[m]onitoring a beeper in Surrell's residence without a warrant [sic] violated Surrell's Constitutional rights just as much in 1981 as it did Karos [sic] in 1984." We disagree.
 The district court declined to overturn Surrell's conviction on two alternative bases. As a preliminary matter, the district court adopted the magistrate judge's conclusion that "Fourth Amendment violations are not reviewable in federal habeas corpus ..." where, as here, "the petitioner had a full and fair opportunity to raise the issue." See United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981). Secondly, the district court agreed that the rule announced in Karo is not retroactively applicable on collateral review pursuant to a Section 2255 motion. We review de novo the denial of a Section 2255 motion. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990).
 Surrell correctly points out that in his 1984 appeal our review was limited to the issue whether the DEA's installation of the beeper was constitutional. Accordingly, Surrell contends that he has been denied a full and fair opportunity to challenge the constitutionality of the DEA's monitoring of the beeper. To be sure, separate analyses govern inquiry into the constitutionality of these two activities. See Karo, 468 U.S. at 711. Nonetheless, we do not deny a petitioner a "full and fair opportunity" merely by failing to rule on an issue the petitioner never specifically raised. Stone v. Powell, 428 U.S. 465 (1976) (full and fair opportunity consists of chance to raise issue). After reviewing the record, the district court concluded that Surrell neglected--but was not thereby denied--an opportunity prior to his original conviction to expand his challenge to the DEA's warrantless installation of the beeper, thoroughly reviewed and rejected at trial and on direct appeal, to include an attack on the related issue regarding the warrantless monitoring of the device. We ascertain no ground on which to disturb the district court's conclusion.
 In addition, we agree with the district court and the magistrate judge that Karo established a "new rule" not retroactively applicable after Surrell's 1982 conviction became final under Teague v. Lane, 489 U.S. 288 (1989) (plurality opinion). Under Teague, a new constitutional rule of criminal procedure is generally not retroactively applicable on collateral review of a conviction which became final after the rule's announcement. In Teague, the Court instructed that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government ... To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Id. at 301 (emphasis in original).
 The governmental obligation announced in Karo was plainly new and, from the standpoint of precedent, non-obvious. Prior to Karo, decisional law did not require federal agents to obtain a warrant in order to monitor beepers secreted into private residences or other places where there is a reasonable expectation of privacy. See, e.g., United States v. Taylor, 716 F.2d 701, 706 (9th Cir.1983). Karo, in keeping with the definition of "new rule" established in Butler v. McKellar, 494 U.S. 407, 415 (1990), reached an outcome "susceptible to debate among reasonable minds" and announced a rule not dictated by prior decisions. See Karo, 468 U.S. at 705 ("we are called upon to address two questions left unresolved in [United States v.] Knotts", 460 U.S. 276 (1983)) (emphasis added).
 We find inapplicable here the two exceptions set forth in Teague to that case's bar against retroactive application of new rules on collateral review. In Teague, the Court explained that this bar does not apply where a new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe ... or if it requires the observance of those procedures that are ... implicit in the concept of ordered liberty." 489 U.S. at 311.
 As to the first exception, the Court in Karo plainly did not exempt any core private conduct from the government's criminal lawmaking authority. See Saffle v. Parks, 494 U.S. 487, 495 (1990) (deeming Teague 's first exception inapplicable); Harris v. Vasquez, 949 F.2d 1497, 1519 (9th Cir.1990) (same). Rather, Karo shields private residences from warrantless beeper surveillance without diminishing the government's power to criminalize conduct occuring there.
 As to the second exception, we do not deem the warrant requirement enunciated in Karo to be among the " 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Saffle, 494 U.S. at 495, quoting Teague, 489 U.S. at 311. In Teague the Court explicitly limited the "scope of the second exception to those new procedures without which the likelihood of an accurate conviction is seriously diminished." 489 U.S. at 313. The Court emphasized that retroactively applicable constitutional rules are " 'best illustrated by recalling the classic grounds for the issuance of a writ of habeas corpus--that the proceeding was dominated by mob violence; that the prosecutor knowingly made use of perjured testimony; or that the conviction was based on a confession extorted from the defendant by brutal methods.' " Id., quoting Rose v. Lundy, 455 U.S. 509, 544 (1982) (Stevens, J., dissenting).
 
 
 1
 We conclude that the rule announced in Karo is not of a piece with these examples and does not further the interests in fair and accurate convictions underlying Teague 's second exception. Rather, Karo protects the "Fourth Amendment rights of those who have a justifiable interest in the privacy of the residence." 468 U.S. at 704.
 
 
 2
 Accordingly, we affirm the judgment of the district court upholding Surrell's conviction under 18 U.S.C. Secs. 841(a)(1), 846.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3